In the Matter of the Claim of JEAN WAGNER, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Claimant has appealed from a decision of the Unemployment Insurance Appeal Board which affirmed a decision of an unemployment insurance referee sustaining the initial determination of the Industrial Commissioner that claimant was ineligible to receive benefits because she was unavailable for employment, and also from a decision disqualifying claimant for unemployment insurance benefits because of her refusal to accept employment for which she was reasonably fitted by training and experience. The evidence sustains the determinations. Decision affirmed, without costs. All concur.

CATHERINE F. TENCHER, Respondent, v. WILLIAM F. TENCHER, Appellant.— Appeal by defendant from an order of the Supreme Court at the Albany County Special Term, entered in the Albany County Clerk's Office April 17, 1945, directing the defendant to pay weekly alimony of $50 during the pendency of the action for divorce and a counsel fee in the sum of $400. The complaint was served September 21, 1944. A motion for alimony and counsel fee was served with the complaint. The motion was returnable October 13, 1944. The complaint charged that the defendant between January 1, 1943, and the commencement of the action had committed adultery with various females whose names were unknown to the plaintiff, and that the plaintiff was unable to state more particularly the dates and places where the acts of adultery were committed. The answer was a denial of adultery. The petition for alimony referred to the verified complaint for a statement of the adultery charged. The order granting alimony and counsel fee is dated February 9, 1945. It recites that adjournments of the motion had been made by consent from time to time. It also recites that consideration was given to the affidavit of Henry Gies, Jr. At the time of granting the order the parties were represented by counsel. No affidavit was submitted on behalf of defendant denying the statement in the Gies affidavit. From the pleadings and the affidavit referred to, it cannot be said that discretion was abused at Special Term. Order affirmed, with $10 costs and disbursements. Hill, P. J., Brewster, Foster and Lawrence, JJ., concur; Heffernan, J., dissents, and votes to reverse the order and deny the motion on the ground that plaintiff's proof fails to show reasonable probability that she will prevail upon a trial.